[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: February 28, 2000 Date of Application: March 24, 2000 Date of Application Filed: March 24, 2000 Date of Decision: March 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New Britain.
Docket Nos. CR 96-163915; CR 96-163353. CT Page 5741-fy
Kelly Goulet, Defense Counsel, for Petitioner.
Paul Rotiroti, Assistant State's Attorney, for the State.
 BY THE DIVISION:
This application for sentence review arises out of a conviction for violation of probation. On January 14, 1997, the petitioner pleaded guilty to a sale of controlled substance in violation of Connecticut General Statutes § 21a-277 (b) and was sentenced to a term of 7 years, execution suspended, with probation for 3 years. Although she had a fairly extensive criminal record which included narcotics convictions, larceny convictions and a prior violation of probation conviction, the Court imposed a suspended sentence, but very explicitly cautioned her that a violation of probation would almost assuredly result in her imprisonment.
Prior to this conviction, on July 30, 1996, she was convicted by a guilty plea, of possession of narcotics and received a sentence of 2 years, execution suspended with a 3 year term of conditional discharge.
The underlying facts for the violation of probation arose out of a police investigation wherein the petitioner was in the company of a known heroin dealer and a search found 35 bags of heroin on her person.
The Court, following a hearing, revoked the suspended sentences and imposed concurrent sentences of 6 years and 2 years, for an effective sentence of 6 years.
The petitioner asserts that she had obtained the heroin for a friend who was dying of cancer, to relieve his pain, while the State argued the inference from the number of bags was that is was for resale. The Court, however, stated it made no substantial difference, that mere possession was itself a crime.
Counsel argues that since she had approximately 1 year of probation left, her sentence should have been 1 year for the violation and the CT Page 5741-fz petitioner argues that the original 7 year sentence was excessive.
Neither argument is tenable. The petitioner had previously been shown compassion by the Courts, in large part due to her documented very serious illnesses. But, unfortunately, she has demonstrated an unwillingness or an inability to avoid criminal involvement.
The Court reasonably concluded she was not amenable to probationary supervision and imposed less than the maximum exposure.
The Review Division is without authority to modify sentences outside the authority of Practice Book § 43-23 et seq. and Connecticut General Statutes § 51-94 et seq. We do not find this sentence to be either inappropriate or disproportionate. It is affirmed.
Klaczak, Norko and O'Keefe, J.s, participated in this decision.